# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| ANNE DAVIDSON,<br><br>    Plaintiff,<br><br>vs.<br><br>KINSETH HOSPITALITY CORP., KINSETH HOTEL CORP., and FRANK SMILLIE, Individually and in his Corporate Capacity,<br><br>    Defendants. | No. C05-3037-MWB<br><br>**MEMORANDUM OPINION AND ORDER REGARDING PLAINTIFF'S MOTION IN LIMINE** |

_____

## *I. INTRODUCTION AND BACKGROUND*

On September 14, 2006, plaintiff Anne Davidson filed her second amended complaint in this case against her former employers, defendants Kinseth Hospitality Corporation and Kinseth Hotel Corporation (collectively "the Kinseth defendants"), as well as Frank Smillie, hotel general manager and her former supervisor, alleging four causes of action: (1) a claim of sexual harassment and sex discrimination in violation of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e. *et seq.*; (2) a pendent state law claim under the Iowa Civil Rights Act ("ICRA") for sexual harassment, IOWA CODE CH. 216; (3) retaliation for complaining of sexual discrimination in violation of Title VII ; and, (4) a pendent state law claim under the ICRA for retaliation resulting from her complaining

about sexual discrimination.[1]

On November 14, 2006, plaintiff Davidson filed a motion in limine in which she seeks the exclusion of the following evidence: (1) any evidence or reference pertaining to Davidson's receipt of unemployment compensation benefits from Iowa Workforce Development following her termination at issue in this litigation; and, (2) written statements from Kinseth defendants' employees regarding their personal opinion concerning the reasons for Davidson's termination. On November 27, 2006, defendants filed a resistance to that part of plaintiff Davidson's motion in limine regarding the admissibility of Davidson's unemployment compensation benefits.

## II. LEGAL ANALYSIS

### A. *Evidence of Unemployment Compensation Benefits*

Plaintiff Davidson argues in her motion in limine that unemployment compensation benefits constitute a collateral source of income and therefore any evidence of such payments is irrelevant to the issues in this litigation. Defendants contend that, because under Iowa law, they have to pay into a fund from which unemployment compensation benefits are paid, they are entitled to credit for unemployment compensation benefits paid to Davidson in the event of a back pay award.

In *Gaworski v. ITT Comm. Fin. Corp.*, 17 F.3d 1104, 1112 (8th Cir.), *cert. denied*, 513 U.S. 946 (1994), the Eighth Circuit Court of Appeals adopted the majority rule among the circuits and held that unemployment benefits should not be deducted from awards of back pay under the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C.

---

[1] The court notes that all of Davidson's claims against defendant Smillie are brought under the ICRA.

§ 621 *et seq*. The court of appeals pointed out that "'an employer can not set up in mitigation of damages in a tort action by an injured employee indemnity from a collateral source, such as insurance or compensation or benefits under a Workmen's Compensation Act, even where the defendant has contributed to the fund.'" *Id.* at 1112 (quoting *Chicago Great W. Ry. v. Peeler*, 140 F.2d 865, 868 (8th Cir. 1944)). In *Gaworski*, the court of appeals then applied the "collateral source rule" and refused to deduct unemployment benefits from a back pay award in an age discrimination action, noting the rule "gains in significance in the context of employment discrimination claims." *Id*. The Eighth Circuit Court of Appeals explained that the rationale behind this assertion is that back pay awards not only serve to make a victim whole, they also "deter future discrimination." *Id*. at 1113. The court of appeals reasoned that if the unemployment benefits were deducted it would be "less costly for the employer to wrongfully terminate a protected employee." *Id*. In other words, the court of appeals reasoned that deduction of the unemployment compensation benefits would constitute "a windfall to the employer who committed the illegal discrimination." *Id.; see also Moysis v. DTG Datanet*, 278 F.3d 819, 828 (8th Cir. 2002) (applying the holding in *Gaworski* to case brought under the Americans with Disabilities Act in which defendant argued that the district court erred in failing to deduct worker's compensation benefits from plaintiff's back pay award).

Defendants urge the court not to apply the holding in *Gaworski* in this case because that decision arose out a lawsuit in Minnesota and that the structure of the unemployment compensation system in Minnesota may differ from that in Iowa. This argument ignores the fact that this court is bound to apply the holding in *Gaworski* in this case. *See Xiong v. State of Minnesota*, 195 F.3d 424, 426 (8th Cir. 1999) (holding that a "district court had no power to replace governing circuit law with its own view."); *BPS Guard Servs. v. NLRB*, 942 F.2d 519, 524 (8th Cir. 1991) (noting that Eighth Circuit holdings on issues

bind all district courts in the circuit and district courts must follow those holdings until reversed by the Eighth Circuit en banc or the United States Supreme Court); *see also Harris v. The Epoch Group, L.C.*, 357 F.3d 822, 826 (8th Cir. 2004) (pointing out that "'[p]recedents do not cease to be authoritative merely because counsel in a later case advance a new argument.'") (quoting *United States v. Hill*, 48 F.3d 228, 232 (7th Cir. 1995)). Thus, the court concludes that, in this case, any unemployment compensation Davidson received following her termination should not be deducted from any back pay awarded to her. Since defendants have failed to point out any other grounds for admissibility of Davidson's unemployment compensation benefits, and the court can discern of no other reason for its admission, the court concludes that such evidence is irrelevant to resolution of the merits of the issues involved in this litigation. Therefore, this portion of plaintiff Davidson's motion in limine is **granted** and defendants are preluded from offering evidence of or making reference to Davidson's receipt of unemployment compensation benefits following her termination.

### B. *Written Employee Statements*

Plaintiff Davidson also seeks to preclude defendants from offering as evidence written statements from Kinseth defendants' employees regarding their personal opinions concerning the reasons for Davidson's termination. Davidson argues that these statements, four of which are attached to her motion as exhibits, constitute inadmissible hearsay. The court notes that all four of the attached statements are unsworn and set out in letter form. Defendants have not resisted this portion of Davidson's motion in limine nor have defendants otherwise suggested that these statements fall under any of the hearsay exceptions found in the Federal Rules of Evidence. From the court's review of these statements, each statement on its face clearly constitutes inadmissible hearsay. Therefore,

4

this portion of plaintiff Davidson's motion in limine is also **granted** and defendants are precluded from offering as evidence written statements from Kinseth defendants' employees regarding their personal opinions concerning the reasons for Davidson's termination.

**IT IS SO ORDERED.**

**DATED** this 30th day of November, 2006.

_____
MARK W. BENNETT
CHIEF JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA